28 C.C.P.A. (Patents)

**In re PARSONS (four cases).**

**Patent Appeals Nos. 4365–4368.**

Court of Customs and Patent Appeals.

Jan. 6, 1941.

See, also, 115 F.2d 925.

Norbert E. Birch, of Washington, D. C. (R. G. Story, of Beacon, N. Y., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

In this court appeals Nos. 4365, 4366, 4367, and 4368 were consolidated so as to be presented in single briefs and argued on the same basis. These appeals were argued concurrently with In re Parsons, Appeals Nos. 4362, 4363, and 4364, 115 F.2d 928, 28 C.C.P.A., Patents, ——, decided December 9, 1940, which involved closely related matters.

The application, serial No. 116,988, in the parent case, appeal No. 4365, relates to a dried milk containing higher fatty acid esters of polyhydric alcohols and the method of making the same. The applicant employs the fatty acid esters of glycerol or glycols. Application, serial No. 165,530, in appeal No. 4366, is a continuation in part of the application in the parent case and relates to a dried milk product and the method of making the same with glyceryl esters as a species of the esters covered by the parent case. Application, serial No. 134,127, in appeal No. 4367, is a division of the parent application and relates to the manufacture of ice cream with the composition of the parent case. The application, serial No. 134,188, in appeal No. 4368, is a division of the parent application and relates to the use of the dried milk of the parent case in bakery products. No claim in any of the involved applications was allowed, and appellant took no appeal as to certain of the rejected claims.

A separate record was presented in each case and separate decisions rendered below. In the interest of clarity we will separate the cases for decision.

Appeal No. 4365—Serial No. 116,988.

The application involved in this appeal contains both product and process claims which are directed to a dried milk product and the method of making the same and which call for the use of higher fatty acid esters of polyhydric alcohols.

Claims 5 and 11 seem to be illustrative of the appealed claims and read as follows:

"5. Dried milk containing monoacid ester of stearic acid and glycerol."

"11. The process of manufacturing an improved dried milk product which comprises adding to liquid milk and incorporating therewith a small percentage of glyceryl ester of a higher fatty acid having a free glyceryl alcohol group in the glyceryl part of the ester and thereafter drying."

The references relied upon by the Primary Examiner of the United States Patent Office are:

Roth et al., 2,065,398, December 22, 1936.

Christensen et al., 1,958,295, May 8, 1934.

The claims at bar, being numbered 1, 4, 5, 8, 11, 14, 15 and 18, were rejected as being aggregative. This ground of rejection was not approved by the board.

The examiner also rejected the claims as being met by the prior art cited. The examiner concluded that in view of the prior art it was old to use the esters described in this application in the manufac-

ture of ice cream. In rejecting the claims on the prior art the examiner said:

"Claims 1, 4, 5, 8, 11, 14 and 15 have been further rejected as lacking invention over Roth et al. or Christensen et al. Roth et al. shows it to be old to use the esters of this application in the manufacture of ice cream. Roth et al. also discloses the use of conventional dried milk in such improved ice cream. It is clear, and it has not been denied by applicant, that Roth et al. prepares ice cream containing the esters and dried milk employed by applicant. However, applicant states that Roth et al. does not disclose dried milk containing the ester.

"It is apparent that the addition of the ester to dried milk does not involve invention in view of Roth et al. The claims call for a product 'containing' the ester. Accordingly, the claims are not restrictive in character. Moreover, even if the claims be given a restrictive interpretation there would be no invention in associating dried milk and the esters. As has been stated heretofore, there appears to be nothing unobvious in such association. Applicant has furnished no evidence that any unusual results are obtained from such a mixture. In effect applicant has merely isolated two of the materials used by Roth et al. and associated them to form a composite product. The properties of the milk and the ester appear to remain unchanged.

"As to Christensen et al., the patent shows a mixture consisting of milk and the esters of this application. There appears to be no invention in drying such a mass. It has been held repeatedly that changing a liquid mass to a dry state does not ordinarily involve invention."

The rejection by the examiner upon the prior art was approved by the Board of Appeals. The board in its decision applied the references to the claims in substantially the same manner as did the examiner and it would serve no useful purpose to extensively quote from its decision.

It will be noticed that invention is claimed over the prior art solely upon the ground that the prior art does not show mixing the liquid milk with said esters and subsequently drying the liquid mixture. It is true that the prior art does not show these particular esters mixed with liquid milk which is subsequently dried and known as "dried milk." Appellant in this court has urged that such mixing is new, useful and inventive. It is not questioned but that the esters used are old or that they have been used in connection with dried milk.

■ We are in agreement with the tribunals of the Patent Office that the mere fact that appellant mixes his esters with liquid milk and then dries the mixture, instead of mixing the esters with dried milk, does not amount to invention. It is not seen how any useful, unexpected result could be obtained, but assuming that there were useful results obtained, we are in agreement with the tribunals below that following this procedure did not amount to invention. The decision of the Board of Appeals, affirming that of the examiner, is affirmed.

Affirmed.

Appeal No. 4366—Serial No. 165,530.

As before stated, this application is a continuation in part of the application, serial No. 116,988, previously herein considered. The rejected claims, Nos. 7, 8, 10 and 11, are the species claims which appellant elected to prosecute in this application and are in the form of article and process claims directed to dried milk containing the glyceryl esters. Claims 7 and 11 are illustrative and follow:

"7. Dried milk containing a substance selected from the group consisting of diacid ester of glycerol and a higher fatty acid and higher fatty acid monoacid ester of diethylene glycol."

"11. The process of manufacturing an improved dried milk product which comprises adding to liquid milk and incorporating therewith diacid ester of glycerol and a higher fatty acid and thereafter drying."

The claims were rejected by the examiner for substantially the same reasons as those assigned for rejecting the claims in the parent case. The references relied upon are the same. The board did not approve of the examiner's rejection of the claims on the ground that they were aggregative, but did affirm his decision rejecting the claims on the prior art cited and stated that it would not be necessary to repeat the discussion of the former case in the decision as to, the instant appealed claims.

■ We are in entire agreement with the decision of the board in affirming the examiner in his rejection of the claims on the prior art cited, and its decision so doing is affirmed.

Affirmed.

Appeal No. 4367—Serial No. 134,127.

This application, as before stated, is a division of application serial No. 116,988 and relates to employing the dried milk ester composition of the parent case in the manufacture of ice cream. Claims for both the product and the method of making same are included in this case. Eight claims, numbered respectively 1, 2, 3, 4, 7, 8, 9 and 12 are on appeal here, of which claims 1 and 8 are illustrative and follow:

"1. As an article of manufacture, an improved ice cream product containing a small percentage of a dried admixture of milk and an ester of a polyhydric alcohol and a higher fatty acid being characterized by having one or more free alcoholic hydroxyl groups in the polyhydric alcohol part of the ester."

"8. The process of manufacturing an improved ice cream product which comprises adding thereto and dissolving therein a dried admixture of milk and a glyceryl ester of a higher fatty acid having a free glyceryl alcohol group."

The references relied upon are the same as those in the parent case.

The examiner rejected the appealed claims for substantially the same reasons assigned in his rejection of the claims in the appeals herein previously considered, and in addition rejected the appealed claims on the grounds of insufficient disclosure. Upon appeal to the board, it approved of the rejection of the examiner as to lack of invention over the prior art and disapproved of his grounds of rejection as to aggregation and insufficient disclosure. In affirming the examiner in rejecting the claims on the prior art the board said:

"The claims on appeal relate to an ice cream product and to the method of preparing the same. Essentially the claims involve an ice cream mix containing a certain percentage of dried admixture of milk and hydrophilic ester of the type specified. It is claimed that this ingredient in the ice cream causes it to be smoother in texture and to give greater increase in bulk or overrun when the ice cream is frozen.

"This application is entitled as a division of applicant's case Serial No. 116,988. In a concurrent decision in that application we find claims directed to the dried milk ester mixture and method of preparing the same not allowable over the state of the art. We hold in respect to the claims on appeal that invention is not involved in employing such premixed dried product in making up ice cream mixture where it has been proposed to broadly add the same hydrophilic ester as a dispersing agent to an ice cream mixture.

"After careful consideration of the record including extensive discussion in the brief, we are unable to find that new or unobvious result is secured by the premixing feature. While it is conceded that the claims are not directly anticipated in the prior art such as in the patents to Roth et al. or Christensen et al., we hold that it should be obvious to those working in the art that the more thoroughly the dispersing agent is distributed in the mixture or an ingredient thereof, such as the dried milk, that possibly better dispersion would be secured. We are unable to agree that invention is involved in this feature and agree with the examiner's conclusions that the claims lack invention over Roth et al. in view of Christensen et al."

For reasons heretofore stated, we are in agreement with the holding of the board to the effect that appellant has done nothing unobvious and that the claims defining what he has done, even though the use of such dried mixture is not shown in the prior art, lack invention, and the decision of the Board of Appeals, affirming that of the examiner in rejecting the appealed claims in this case on the prior art, is affirmed.

Affirmed.

Appeal No. 4368—Serial No.134,188.

This appeal involves eight claims, numbered respectively 1, 2, 3, 4, 7, 8, 9 and 12, of which claims 1, 3 and 8 are illustrative and follow:

"1. A bakery product containing a dried admixture of milk and an ester of a polyhydric alcohol and a higher fatty acid being characterized by having one or more free alcoholic hydroxyl groups in the polyhydric alcohol part of the ester."

"3. A bakery product containing a dried admixture of milk and a glyceryl ester of a higher fatty acid having a free glyceryl alcohol group."

"8. The process of manufacturing an improved bakery product which comprises adding thereto and incorporating therewith a dried admixture of milk and a glyceryl ester of a higher fatty acid having a free glyceryl alcohol group."

As indicated by the claims, they call for a bakery product and the process of producing the same by adding to it or incorporating therewith a dried mixture of milk and a hydrophilic ester of the type set forth.

The examiner and the board relied upon three references: Christensen et al., supra; Harris, 2,024,357, December 17, 1935; and Joffe, 2,033,195, March 10, 1936.

The examiner also rejected the claims on the ground that they were aggregative and as being based upon insufficient disclosure. The board, as in the former appeal, disapproved of these grounds of rejection, but it approved the examiner's rejection of the claims on the cited prior art.

The Harris and Joffe patents disclose that it was old to use the said esters for their dispersing properties and Harris suggests that the hydrophilic ester may be combined or premixed with any of the various ingredients. Joffe suggests that it be mixed with the egg material. Christensen et al. disclose adding such hydrophilic esters to skimmed milk.

It was the view of the examiner and the board that there was no invention in mixing the hydrophilic ester with milk before evaporating to powder and then employing such combined milk and ester mixture in bakery products rather than adding the ester separately as such to cake batters, or even-premixed with various of the ingredients or to skimmed milk.

In discussing the references, the board said: "Since we find in application Serial No. 116,988 that the claims to the dried milk ester composition do not set forth invention and are not allowable, it is our conclusion that the employment of it broadly in cake batters can present no invention in view particularly of Harris and Joffe. It is believed no new or unobvious result is secured. It is conceded that the terms of the claims are not directly anticipated but we hold it is no more than apparent before hand or at least suggestive that somewhat quicker dispersion of the dried milk might be accomplished where the dispersing agent is more thoroughly mixed with the material to be dispersed and that more uniform distribution of the dispersing agent might be secured through a large bulk of material if it be first thoroughly mixed with a relatively smaller mix. This is believed appreciated by Harris where it is suggested that the hydrophilic ester may be premixed with any materials of the cake batter. The rejection of the claims on each of Harris and Joffe, or particularly either of these in view of Christensen et al., is affirmed."

For reasons hereinbefore stated, we are of the opinion that the board arrived at the right conclusion and that the claims were properly rejected over the prior art cited, and its decision so doing is affirmed.

Affirmed.